Daniel B. Chammas, Bar No. 204825
Alexandria M. Witte, Bar No. 273494
Ford & Harrison LLP
350 South Grand Avenue
Suite 2300
Los Angeles, CA 90071
Telephone: 213-237-2400
Facsimile: 213-237-2401
E-Mail: dchammas@fordharrison.com
awitte@fordharrison.com

Attorneys for Real Party Defendant in Interest KRAFT HEINZ FOODS COMPANY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT

| | |
|---|---|
| SERGIO ALFONZO LOPEZ as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>H.J. HEINZ COMPANY, L.P., a Delaware Limited Partnership, H.J. HEINZ OPERATION PARTNERSHIP, an unknown entity; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. '17CV0077 GPC MDD<br><br>**REAL PARTY DEFENDANT IN INTEREST DEFENDANT KRAFT HEINZ FOODS COMPANY'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1367(a), 1441(a), 1441(b), 1446 AND 1453**<br><br>Action filed: October 27, 2016<br>Removed: January 13, 2017 |

/CASE NO.

NOTICE OF REMOVAL

## **TABLE OF CONTENTS**

**Page**

I. PLEADINGS AND PROCESS, AND ORDERS ............................................. 1

II. TIMELINESS OF REMOVAL .................................................................... 2

III. VENUE ........................................................................................................ 2

IV. KHFC PROPERLY REMOVED THIS ACTION, EVEN THOUGH IT WAS NOT FORMALLY NAMED AS A DEFENDANT ......................... 3

V. JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT .............................................................................................................. 4

    A. Citizenship of Parties ........................................................................ 5

    B. The Amount in Controversy Exceeds $5 Million and Plaintiff's Class Contains More than 100 Class Members ..................................... 6

VI. NOTICE OF REMOVAL ........................................................................... 11

# TABLE OF AUTHORITIES

**Page**

## CASES

*Behrazfar v. Unisys Corp.*,
    687 F. Supp. 2d 1199 (E.D. Cal. 2008) ............................................................... 7

*Brady v. Mercedes-Benz USA, Inc.*,
    243 F.Supp.2d 1004 (N.D. Cal. 2002) ................................................................ 9

*Cagle v. C&S Wholesale Grocers, In*c.,
    __ F.R.D. ___, 2014 WL 651923 (E.D. Cal. Feb. 19, 2014) ............................. 7

*Galt G/S v. JSS Scandinavia*,
    142 F.3d 1150 (9th Cir. 1998) ............................................................................ 9

*HSBC Bank USA v. Mohanna*,
    2015 WL 4776236 (N.D. Cal. Aug. 13, 2015) ................................................... 3

*Hughes v. Fosdick*,
    106 F.Supp.3d 1078 (N.D. Cal. 2015) .............................................................. 10

*Ibarra v. Manheim Investments, Inc.*,
    775 F.3d 1193 (9th Cir. 2015) ............................................................................ 6

*Johnson v. Columbia Prop. Anchorage, LP*,
    437 F.3d 894 (9th Cir. 2006) .............................................................................. 6

*Jones v. Tween Brands, Inc.*,
    2014 WL 1607636 (Apr. 22, 2014) .................................................................... 9

*Kanter v. Warner-Labert Co.*,
    265 F.3d 853 (9th Cir. 2001) .............................................................................. 5

*Kantor v. Wellesley Galleries, Ltd.*,
    704 F.2d 1088 (9th Cir. 1983) ............................................................................ 5

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*,
    199 F. Supp. 2d 993 (C.D. Cal. 2002) ................................................................ 7

# TABLE OF AUTHORITIES
## (continued)

**Page**

*La Russo v. St. George's Univ. Sch. of Med.*,
  747 F.3d 90 (2d Cir.2014) .................................................................................. 3

*Lee v. Food Lion, LLC*,
  2013 WL 588767 (E.D.Va. Feb. 13, 2013) ......................................................... 3

*Lew v. Moss*,
  797 F.2d 747 (9th Cir. 1986) ............................................................................... 5

*Lo v. St. George's University*,
  2014 WL 6673849 (E.D.N.Y. Nov. 24, 2014) .................................................... 6

*Luckett v. Delta Airlines, Inc.*,
  171 F.3d 295 (5th Cir. 1999) ............................................................................... 7

*Mejia v. DHL Express (USA), Inc.*,
  No. CV 15-890-GHK JCx, 2015 WL 2452755 (C.D. Cal. May 21, 2015) ........ 7

*St. Paul Mercury Indem. Co. v. Red Cab Co.*,
  303 U.S. 283 (1938) ........................................................................................ 6, 7

*Ware v. Wyndham Worldwide Inc.*,
  2010 WL 2545168 (D.N.J. June 18, 2010) ......................................................... 3

**STATUTES**

28 U.S.C. § 1332(d) ............................................................................................... 4, 6

28 U.S.C. § 1332(d)(2) .................................................................................. 4, 5, 6, 11

28 U.S.C. § 1446(d) ..................................................................................................... 2

28 U.S.C. § 84(c)(3) ..................................................................................................... 2

28 U.S.C. § 1332(c)(1) ................................................................................................. 6

28 U.S.C. § 1332(d)(2)(A) ........................................................................................... 6

# **TABLE OF AUTHORITIES**
### (continued)

**Page**

28 U.S.C. § 1332(d)(3)-(5) .................................................................................... 4

28 U.S.C. § 1332(d)(6) ................................................................................... 6, 11

28 U.S.C. § 1391 .................................................................................................. 3

28 U.S.C. § 1441(a) .......................................................................................... 3, 6

28 U.S.C. § 1453(b) ............................................................................................. 5

Cal. Civ. Proc. Code § 382 .................................................................................. 4

Cal. Civ. Proc. Code § 1021.5 ............................................................................. 9

Cal. Lab. Code § 203 ........................................................................................... 9

Cal. Lab. Code § 226 ........................................................................................... 9

Cal. Lab. Code § 1194 ......................................................................................... 9

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, TO PLAINTIFF, AND HIS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that real party defendant in interest Kraft Heinz Foods Company ("KHFC" or "Defendant"), erroneously sued as H.J. Heinz Company L.P. and H.J. Heinz Operation Partnership, hereby removes the above-entitled action from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California pursuant to 1332(d) (Diversity under Class Action Fairness Act), 1367(a) (Supplemental Jurisdiction), 1441(a), 1441(b), 1446 and 1453, based on the following facts:

**I.   PLEADINGS AND PROCESS, AND ORDERS**

1. On October 27, 2016, Plaintiff Sergio Alfonzo Lopez ("Plaintiff"), individually and on behalf of all others similarly situated, filed a complaint entitled "*Sergio Alfonzo Lopez v. H.J. Heinz Company, L.P.; H.J. Heinz Operation Partnership*," in the Superior Court of California, for the County of San Diego, Case No. 37-2016-00038060-CU-OE-CTL (hereinafter, the "Complaint"). A true and correct copy of the Complaint is attached to the Declaration of Daniel B. Chammas ("Chammas Decl.") as **Exhibit A**. The allegations in the Complaint are incorporated for reference in this notice of removal but are not admitted.

2. Plaintiff seeks to represent five classes: an "Overtime Class," a "Minimum Wage Class," a "Meal Period Class," a "Rest Period Class," and a "Waiting Time Penalty Class." (Compl., ¶ 16.) The Complaint alleges five causes of action, which Plaintiff pursues on a class-wide basis: (1) Failure to Pay All Overtime Wages (*id.*, ¶¶ 23-27); (2) Minimum Wage Violations (*id.*, ¶¶ 28-31); (3) Meal Period Violations (*id.*, ¶¶ 32-34); (4) Rest Period Violations (*id.*, ¶¶ 35-38); and (5) Waiting Time Penalties (*id.*, ¶¶ 39-44).

3. A true and correct copy of the Summons for the Complaint, which was filed with the state court on October 27, 2016, is attached to the Chammas Decl. as **Exhibit B**.

4. A true and correct copy of the Civil Case Cover Sheet for the Complaint, which was filed with the state court on October 27, 2016, is attached to the Chammas Decl. as **Exhibit C**.

5. A true and correct copy of the Notice of Case Assignment, which was issued by the state court on October 28, 2016, is attached to the Chammas Decl. as **Exhibit D**.

6. A true and correct copy of the proof of service of summons to Defendant filed by Plaintiff on January 3, 2017, is attached to the Chammas Decl. as **Exhibit E**.

7. A true and correct copy of Defendant's Answer to Plaintiff's Complaint filed with the state court on January 12, 2017, is attached to the Chammas Decl. as **Exhibit F**.

8. Pursuant to 28 U.S.C. § 1446(d), the foregoing exhibits constitute all process, pleadings and orders served on, received by Defendant or filed in this action. To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in Superior Court of California, San Diego County or served by any party.

## II. TIMELINESS OF REMOVAL

9. Defendant was served with and received the summons and Complaint on December 14, 2016. This notice of removal is timely filed as it is filed within thirty (30) days of the service of the summons and original complaint on Defendant.

## III. VENUE

10. San Diego, California is located within the Southern District of California. Thus, venue is proper pursuant to 28 U.S.C. § 84(c)(3) because this is the "district and division embracing the place where [Plaintiff's] action is pending."

28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 1391.

## IV.   KHFC PROPERLY REMOVED THIS ACTION, EVEN THOUGH IT WAS NOT FORMALLY NAMED AS A DEFENDANT

11.   Federal courts have developed the concept of a "'real party defendant in interest' or other closely affiliated 'intended defendant' [where a party] is mistakenly omitted from the initial complaint." *HSBC Bank USA v. Mohanna*, 2015 WL 4776236, *4 (N.D. Cal. Aug. 13, 2015). "In such circumstances, courts have held that the 'real party defendant in interest' may remove to federal court even before it is named as a defendant, and that its thirty-day period to do so begins as soon as it is 'on notice' of the plaintiff's mistake." *Id.  See also La Russo v. St. George's Univ. Sch. of Med.*, 747 F.3d 90, 96–97 (2d Cir.2014) (holding that a "real party defendant in interest is ... entitled to remove)' *Lee v. Food Lion, LLC*, 2013 WL 588767, at *2–4 (E.D.Va. Feb. 13, 2013) (finding notice of removal untimely where plaintiff mistakenly named a nonexistent entity in its original complaint but the proper defendant "received a copy of the original complaint [and] ascertained that [it] was the intended defendant"); *Ware v. Wyndham Worldwide Inc.*, 2010 WL 2545168, at *4–6 (D.N.J. June 18, 2010) (identifying "two requirements [that] must be satisfied to trigger the running of an intended but improperly named defendant's thirty-day removal window"—first, "the intended defendant must be formally served with process," and second, "the intended defendant must ascertain or be able to ascertain that it is indeed the intended defendant and that the plaintiff made a mistake in its complaint").

12.   Pursuant to the July 2, 2015 merger of H.J. Heinz Company and Kraft Foods Group, Inc. ("Merger"), the entity formerly known as H.J. Heinz Company, LP is now part of KHFC.  Before the Merger, H.J. Heinz Company, LP owned all legacy Heinz plants and employed all plant employees, including those located in San Diego, Escalon, Irvine and Stockton ("Legacy Heinz Locations").  Since the Merger, KHFC has employed all non-exempt employees at the Legacy Heinz

Locations. Plaintiff worked at a Legacy Heinz Location for H.J. Heinz Company, L.P. until December 2014, which was before the Merger. (Compl., ¶ 9.)

13. Therefore, because the named defendants in this action—H.J. Heinz Company L.P. and H.J. Heinz Operation Partnership—are defunct entities and KHFC is the correct legal entity, KHFC was permitted and in fact required to remove within 30 days of service.

## V. JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

14. This Court has original jurisdiction over the case pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act of 2005 ("CAFA"). CAFA provides the federal district courts with original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, and where the amount in controversy exceeds $5 million exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). Here, removal is proper under CAFA because, as set forth below, the case is filed as a civil class action, the amount in controversy allegedly exceeds $5 million exclusive of interest and costs, and at least one member (if not all) of the class is a citizen of a state different from KHFC. The exceptions set forth in 28 U.S.C. § 1332(d)(3)-(5) are not applicable here.

15. This action was initially brought pursuant to California Code of Civil Procedure § 382 on behalf of a putative class of non-exempt or hourly employees who worked for KHFC in California from four years immediately preceding the filing of the lawsuit to the present.

16. This Court has original jurisdiction over the case under 28 U.S.C. § 1332(d)(2) because the case is filed as a civil class action, the amount in controversy exceeds $5 million exclusive of interest and costs, and at least one member (if not all) of the class of employees is a citizen of a state different from KHFC.

**A.    Citizenship of Parties**

17.   Pursuant to 28 U.S.C. § 1453(b), "A class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(c)(1) shall not apply), without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants."  CAFA's diversity requirement is satisfied when any member of a class of citizens is a citizen of a State different from any defendant.  28 U.S.C. § 1332(d)(2).

18.   For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983).  A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return.  *Kanter v. Warner-Labert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

19.   Allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship.  *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986).

20.   Here, Plaintiff alleges that he is "a California resident."  (Compl., ¶ 3.) Accordingly, Plaintiff is a citizen of the United States and the State of California. *Kanter*, 265 F.3d at 857.

21.   The proposed putative classes are all comprised of "Defendants' current and former non-exempt employees in California…during the four years immediately preceding the filing of the Complaint through the present." (*See*, Compl., at ¶ 16(b).)  Therefore, the vast majority of members of the class are citizens of California.

22.   For purposes of CAFA, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State

or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); see also, *Johnson v. Columbia Prop. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). "[I]t is the citizenship of [the] real party defendant in interest that is relevant for purposes of determining whether there is diversity jurisdiction." *Lo v. St. George's University*, 2014 WL 6673849, *6 (E.D.N.Y. Nov. 24, 2014).

23. KHFC is a Pennsylvania corporation with its principal place of business located in Pittsburgh, Pennsylvania. Accordingly, KHFC is considered a citizen of Pennsylvania. 28 U.S.C. § 1332(c)(1).

24. The presence of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(a) ("[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded").

25. Here, diversity of citizenship is met because Plaintiff and the entire class are citizens of California while KHFC is a citizen of Pennsylvania. Accordingly, the minimal diversity requirement is fully satisfied. *See* 28 U.S.C. § 1332(d)(2)(A).

**B.  The Amount in Controversy Exceeds $5 Million and Plaintiff's Class Contains More than 100 Class Members**

26. CAFA requires the "matter in controversy" to exceed "the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). "The claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds" this amount. 28 U.S.C. § 1332(d)(6). Further, CAFA may only be invoked if the proposed class contains at least 100 members. 28 U.S.C. § 1332(d).

27. "In determining the amount in controversy, courts first look to the complaint. Generally, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*,

303 U.S. 283, 289 (1938)). "Whether damages are unstated in a complaint, or, in the defendant's view are understated, the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged." (*Id.*)

28.  While Defendant denies Plaintiff's claims of wrongdoing and denies his request for relief thereon, the facial allegations in Plaintiff's Complaint and the total amount of penalties and attorneys' fees at issue in this action, when viewed in the light most favorable to Plaintiff, is in excess of the jurisdictional minimum. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). "When a '[d]efendant's calculations (are) relatively conservative, made in good faith, and based on evidence whenever possible,' the court may find that the '[d]efendant has established by a preponderance of the evidence that the amount in controversy is met.'" *Cagle v. C&S Wholesale Grocers, Inc.*, __ F.R.D. ___, 2014 WL 651923, *7 (E.D. Cal. Feb. 19, 2014) (quoting *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (citations omitted)). Nor does Defendant need to provide summary judgment-type evidence. *Cagle*, 2014 WL 651923, *7.

29.  Moreover, where a plaintiff alleges that a defendant has "'adopted and maintained uniform policies, practices and procedures' that caused the purported violations of California's [laws] … [i]t is not unreasonable to assume that when a company has unlawful policies and they are uniformly 'adopted and maintained,' then the company may potentially violate the law in each and every situation where those policies are applied." *Mejia v. DHL Express (USA), Inc.*, No. CV 15-890-GHK JCx, 2015 WL 2452755, *4 (C.D. Cal. May 21, 2015). In that instance, "a 100% violation rate is not an unreasonable assumption to use in estimating the

amount in controversy in light of the allegations in the complaint." *Id.*

30. The Complaint puts well more than $5 million in controversy. **First**, the Minimum Wage Class is comprised of "all Defendants' current and former non-exempt employees in California who were subjected to Defendants' policy/practice of rounding timekeeping entries…during the four years immediately preceding the filing of the Complaint through the present." (Compl., ¶ 16(b).) There were at least 1,542 employees at Legacy Heinz Locations between October 27, 2012 and the present that were affected by some form of a rounding policy. (Mendes Decl., ¶ 4.) Plaintiff alleges that KFHC's policies regarding rounding "deprived [him] of all minimum wages as well as additional overtime wages earned." (Compl., ¶ 11.) Even if class members were deprived of only one minute per punch because of rounding, that would put $744,814 in controversy. (Mendes Decl., ¶ 4.) Because Plaintiff prays for double damages for the minimum wage violations (Compl., ¶ 29), this claim puts at least $1,489,628 in controversy.

31. **Second**, the Minimum Wage Class is also comprised of "all Defendants' current and former non-exempt employees in California…whose job duties required donning protective gear prior to beginning work, during the four years immediately preceding the filing of the Complaint through the present." (Compl., ¶ 16(b).) Even if a conservative 10 minutes per shift is added to each putative class member whose job duties included donning and doffing protective gear prior to beginning work, that would put $1,932,814 in controversy. (Mendes Decl., ¶ 5.) Because Plaintiff prays for double damages for the minimum wage violations (Compl., ¶ 29), this claim puts at least $3,865,628 in controversy.

32. **Third**, the Rest Period Class is comprised of "all Defendants' current and former non-exempt employees in California who worked at least one shift in excess of 10.0 hours, during the four years immediately preceding the filing of the Complaint through the present." (Compl., ¶ 16(d).) There were at least 947 employees at Legacy Heinz Locations between October 27, 2012 and the present

who fit that description. (Mendes Decl., ¶ 6.) Plaintiff alleges that he "regularly worked shifts in excess of 10.0 hours, but was not authorized and permitted to take a third rest period." (Compl., ¶ 14.) Plaintiff demands a "rest period premium," which is one hour of pay, for each such missed rest period. (Compl., ¶ 38.) If employees received an extra hour of pay for every shift which exceeded 10 hours, then the total demanded for this claim is $991,578. (Mendes Decl., ¶ 6.)

33. **Fourth**, Plaintiff claims that the putative class is entitled to waiting time penalties pursuant to Cal. Lab. Code § 203, which provides that employees may recover up to 30 days' wages if an employer willfully fails to pay all wages owing at the time of termination. (Compl., ¶ 44.) The statute of limitations for a section 203 claim is three years. *Jones v. Tween Brands, Inc.*, 2014 WL 1607636, *2 (Apr. 22, 2014).

34. During the period of October 27, 2013 to the present, at least 364 class members ended their employment with Defendant. (Mendes Decl., ¶ 6.) If these 364 class members received 30 days of pay, then wages would be owed in the amount of $1,352,434. (*Id.* at ¶ 7.)

35. **Fifth**, Plaintiff also seeks an award of reasonable attorneys' fees in this action. (*See* Compl. at Prayer for Relief [citing Cal. Lab. Code §§ 226 and 1194, and Cal. Civ. Proc. Code § 1021.5]. It is well-settled that when authorized by statute, attorneys' fees are to be included in the calculation of the amount of Plaintiff's claims for purposes of determining whether the requisite jurisdictional minimum is met. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D. Cal. 2002) (in deciding amount in controversy issue, court may estimate the amount of reasonable attorneys' fees likely to be recovered by plaintiff if he were to prevail).

36. For purposes of calculating the amount in controversy for attorneys' fees in a class action, courts add 25 percent of the class recovery demanded in the Complaint. *See Hughes v. Fosdick*, 106 F.Supp.3d 1078, 1083 (N.D. Cal. 2015) ("Defendants argue that a 25 percent attorneys' fees calculation should be added to the reimbursement amount in controversy because Hughes seeks to recover reasonable attorneys' fees…To calculate this value, the Court considers the amount of attorneys' fees the plaintiff could reasonably be awarded. In the class action settlement context, the Ninth Circuit has found that a 25 percent of the common fund is a reasonable attorneys' fees award. Thus, the Court concludes that defendants' estimate of an additional 25 percent of the mileage reimbursement value is reasonable.") (citations omitted).

37. Considering that the sum of the demanded recovery noted above is calculated to be $7,699,268, it is reasonable that Plaintiff's demand for attorneys' fees is $1,924,817 ($7,699,268 x 25%).

38. Accordingly, the amount in controversy in this case is at least $9,624,085.[1]

39. Although KFHC does not concede Plaintiff's claims have any merit, when the relief sought on behalf of the putative class is taken as a whole, the amount in controversy for Plaintiff's class claims more likely than not is in excess of the $5 million jurisdiction requirement, exclusive of interest and costs.

---

[1] KFHC notes that this calculation meets the minimum threshold under CAFA even without a calculation of several of Plaintiff's primary theories for unpaid wages. First, this calculation does not include Plaintiff's meal break claim. (Compl., ¶¶ 32-34.) Second, this calculation does not include any overtime wages at all, and does not even factor in the claim that KFHC miscalculated the regular rate of pay for the class. (*Id.*, ¶ 10.) Finally, there are a significant number of class members whose relevant data could not be located immediately, whose inclusion in this analysis would grow the amount in controversy even further. KFHC reserves the right to offer additional evidence in a later proceeding to demonstrate that the amount in controversy is even greater than that estimated in these papers.

40. Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(d)(2) and 1441(a). *See* 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5 million, exclusive of interest and costs.") Accordingly, the potential amount in controversy is in excess of the $5 million threshold for CAFA jurisdiction.

## VI. NOTICE OF REMOVAL

41. A copy of this notice of removal will be filed with the Clerk of the Superior Court of the State of California, County of San Diego.

42. By removing the action to this Court, KFHC does not waive any defenses, objections, or motions available to it under state or federal law. KFHC expressly reserves the right to require that the claims of Plaintiff and/or all members of the putative class be decided on an individual basis.

43. WHEREFORE, KFHC prays that the Court remove this civil action from the Superior Court of the State of California, San Diego County, to the United States District Court for the Southern District of California.

Dated: January 13, 2017

Respectfully submitted,

FORD & HARRISON LLP

By: */s/ Daniel B. Chammas*
    Daniel B. Chammas
    Alexandria Witte
    Attorneys for Real Party Defendant in Interest KRAFT HEINZ FOOD COMPANY